TEXAS & P. RY. CO. v. ERAMBERT et al. (No. 1585.)

(Court of Civil Appeals of Texas. Texarkana. March 8, 1916. Rehearing Denied March 16, 1916.)

CARRIERS ☞187—LIABILITY FOR DAMAGE TO SHIPMENT—CONNECTING CARRIERS.

Act Cong. Feb. 13, 1893, c. 105, § 3, 27 Stat. 445 (U. S. Comp. St. 1913, § 8031), provides that if the owner of any vessel shall exercise due diligence to make it seaworthy and properly manned and equipped, neither the vessel nor the owners shall be responsible for damage or loss resulting from faults or errors in navigation or arising from dangers of the sea or other navigable waters, acts of God, etc. Held, that where a violent hurricane loosened a porthole and forced sea water upon the cargo, a finding in favor of the steamship company in an action for damages involved the finding that the damage was unavoidable through an act of God, and precluded a recovery against a connecting railway carrier, which was guilty of no negligence.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 851, 852; Dec. Dig. ☞187.]

Appeal from District Court, Cass County; H. F. O'Neal, Judge.

Action by W. H. Erambert, Jr., against the Texas & Pacific Railway Company and others. From a judgment for plaintiff against the defendant named, it appeals. Reversed and remanded.

Appellee Erambert, living at Atlanta, Tex., was consignee of a shipment of trunks and hand bags from the Union Trunk & Bag Company at Richmond, Va. The initial railroad company delivered the goods to the Mallory Steamship Company, and the steamship company to the International & Great Northern Railway Company, and the latter company delivered to the appellant company, the delivering carrier. It was proven that the goods en route were damaged by water. The appellee Erambert brought the suit for damages against the steamship company, the International & Great Northern Railway Company and the Texas & Pacific Railway Company. The initial carrier was not a party to the suit. Judgment was entered for appellee against the Texas & Pacific Railway Company, and in favor of the two other defendants.

The evidence shows, without dispute, that on April 1 and 2, 1914, the steamship having the shipment on board encountered a violent hurricane at sea, which by its force caused the porthole to loosen, and sea water was forced into where the cargo was, damaging the present shipment. It was shown that the vessel was in all respects seaworthy, properly manned and equipped. There is no other injury shown to the shipment besides that done by the storm waters. There is no negligence shown on the part of appellant company.

W. B. Figures, of Atlanta, for appellant. Hill Stewart and O'Neal & Allday, all of Atlanta, and E. N. Spivey, of Texarkana, for appellees.

LEVY, J. (after stating the facts as above). Error is predicated upon the ruling of the court in not granting a new trial. It is insisted that the evidence does not show that the damage to the goods occurred on the line of appellant company and through any negligence on its part, it being the delivering carrier. The evidence, as appears in the record, only shows that while the goods were in the possession of the steamship company, an intermediate carrier, they became damaged by sea water while a violent hurricane at sea was raging, and that the damage was through no fault on the part of the steamship company or its employés. Finding, as the court did, in favor of the steamship company

involves the finding of fact that the damage to the goods, occurring while in the possession of the steamship company, was unavoidable through an act of God. The law relieves the steamship company, under the facts, of liability for the damage. Section 8031, 3 U. S. Compiled Statutes of 1913. And as the damage was the result of the storm, the delivering carrier, being innocent and without fault respecting the damage, could not be held liable.

Consequently, according to the record, the proof fails to support the judgment in favor of appellee against the appellant company, and said judgment is therefore reversed, and the cause remanded.